IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BELVILLE, | ) | CASE NO. 3:10-CV-627 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This case is before the Magistrate Judge pursuant to Local Rule. The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff William Belville's application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court recommends that the decision of the Commissioner be AFFIRMED.

## I. INTRODUCTION & PROCEDURAL HISTORY

On January 26, 2006, Plaintiff protectively filed an application for Supplemental Security Income (Tr. 105-07).[1] In the application, Plaintiff alleged that he became disabled on April 15, 2004 due to vision problems suffered from the loss of his right eye and back pain (Tr. 26, 34-38, 105). Belville's application for benefits was denied initially and upon reconsideration (Tr. 45-46). Plaintiff

---

[1] Plaintiff also filed an application for benefits on December 8, 2004 (Tr. 98-100). That application was denied, but is not before the Court for review.

timely requested and was granted a hearing before Administrative Law Judge Yvonne K. Stam (the "ALJ"). On January 8, 2008, the ALJ conducted a video hearing (Tr. 20-44). At the hearing, Plaintiff appeared with counsel and testified (Tr. 20-44). Ms. Amy Kutschbach, a vocational expert also testified at Plaintiff's hearing (Tr. 37-44). On October 7, 2008, the ALJ issued a written decision denying Plaintiff's application for benefits (Tr. 14-19). In the written decision, the ALJ applied the familiar five-step sequential evaluation[2] and determined at the fourth step that Plaintiff retained the residual functional capacity ("RFC") to perform his past work as a housekeeper/cleaner and, therefore, was not disabled (Tr. 14-19). Plaintiff appealed the ALJ's decision to the Appeals Council on October 7, 2008. Initially, the Appeals Council denied Plaintiff's request for review, but subsequently vacated its denial an considered Plaintiff's arguments (Tr. 1-4). However, the Appeals Council denied

---

[2] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

review of the ALJ's decision a second time on January 19, 2010 (Tr. 1-4), thereby making the ALJ's decision the final decision of the Commissioner.  On appeal, Plaintiff claims that the ALJ's decision is not supported by substantial evidence.

Born on November 15, 1948, Plaintiff was 59 years old at the time of the ALJ's determination, and classified as a "person of advanced age" for purposes of the Social Security regulations (Tr. 132); *see* 20 C.F.R. §§404.1563, 416. 963.  Plaintiff has a limited high school education and past work experience cleaning houses (Tr. 126, 128).

## II.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when he establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20. C.F.R. §§ 404.1505, 416.905.

## III.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x. 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for

the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV. ANALYSIS

After the conclusion of the hearing, the ALJ reviewed Plaintiff's record and determined that Plaintiff was not disabled. At step one of the sequential evaluation process, the ALJ found that Belville had not engaged in substantial gainful activity since January 18, 2006 (Tr. 16). At step two, ALJ Stam concluded that Plaintiff had three severe impairments: vision problems, right shoulder pain, and spinal pain, none of which individually or in combination met or equaled a listing at step three (Tr. 16). Before moving to step four of the sequential evaluation process, the ALJ determined that Belville retained the RFC to perform "medium work . . . except that he must avoid hazards, small objects, and small type (less than 10 point) due to the fact that he is blind in his right eye and that he has 20/50 vision in his left eye." (Tr. 16). "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c). The regulation's definition of "light work" states "a job is in this category when it

requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

### A. ALJ's RFC Assessment

To begin, Plaintiff seeks to contest the ALJ's RFC finding by arguing that the ALJ improperly evaluated the medical opinion evidence submitted from Dr. Alok Bhaiji. This Court previously recognized, "although medical sources, including the treating physician, are used to *provide evidence* on the nature and severity of impairments, the final responsibility for *deciding a claimant's RFC is reserved to the Commissioner.*" Brown v. Comm'r of Soc. Sec., No. 5:03CV2246, 2007 WL 4556678, at *6 (N.D. Ohio Dec. 20, 2007) (emphasis in original); 20 C.F.R. § 416.927(e)(2). The determination of the claimant's RFC lies within the strict purview of the ALJ. 20 C.F.R. § 416.927(e)(2). Therefore, the ALJ's RFC determination will be upheld by the reviewing court so long as it is supported by substantial evidence. *Brown*, 2007 WL 4556678, at *6.

Dr. Bhaiji performed a consultative examination of Plaintiff and submitted a written report of his findings on February 14, 2005 (Tr. 167-73). In the report, Dr. Bhaiji diagnosed Plaintiff with: 1) an artificial right eye; 2) lumbar sprain/strain; 3) S/P right shoulder injury; and 4) cervical sprain/strain (Tr. 169). He further opined that Belville "would not have difficulty with work-related physical activities such as sitting" (Tr. 169). However, Dr. Bhaiji remarked that Belville "[m]ay have difficulty standing, walking, lifting, and carrying objects [but would have] [n]o difficulty handling objects . . . hearing or speaking [and m]ay have difficulty with traveling." (Tr. 169).

Plaintiff argues that the ALJ's RFC is not consistent with Dr. Bhaiji's opinions. Essentially, Plaintiff maintains that the RFC to perform medium work explicitly requires that the claimant also have the capacity to perform "light work." Plaintiff specifically challenges ALJ Stam's RFC

5

determination as to Plaintiff's ability to stand and/or walk for prolonged periods. In Social Security Ruling 83-10, the Administration acknowledged that both medium work and the full range of light work require standing or walking "for a total of approximately 6 hours in an 8-hour workday".[3] Accordingly, Plaintiff concludes that a RFC finding of medium work would require that Belville have the capacity to stand and/or walk for a substantial part of the workday. However, Plaintiff avers that Dr. Bhaiji's findings show that Plaintiff is not capable of standing or walking for prolonged periods of time in order to satisfy the requirements of medium work. Alternatively, Plaintiff suggests that ALJ Stam was obliged to re-contact Dr. Bhaiji pursuant to 20 C.F.R. § 416.919p(b) if she needed clarification of Dr. Bhaiji's statements.

Plaintiff's argument is not-well taken as substantial evidence supports the ALJ's RFC determination. As Plaintiff correctly notes, the ALJ was required to consider all of the medical opinions of record. 20 C.F.R. § 416.927(d). Thus, the ALJ was required to evaluate Dr. Bhaiji's opinion. Although Dr. Bhaiji opined that Plaintiff may have difficulty standing, walking, lifting and carrying, the physician did not make a reference to what specific level of work at which Plaintiff would experience any such difficulties, and Plaintiff has failed to identify any evidence to support the notion that Dr. Bhaiji was referring to Plaintiff's ability to perform medium work. Furthermore, Dr. Bhaiji's use of the term "may" alludes that there is also a possibility that Plaintiff *may not* experience any difficulty in performing these functions, or, as Defendant noted, what amount of difficulty that Plaintiff would experience. While Plaintiff would prefer the Court to interpret Dr. Bhaiji's statement as a definitive affirmation of Plaintiff's inability to stand, walk, lift, or carry

---

[3]Plaintiff also cites to SSR 83-12 and SSR 96-9p in support of his argument. The Court did not find these rulings to necessarily stand for the proposition for which Plaintiff asserted.

6

objects for prolonged periods, the Court declines to do so. Rather, the Court finds that the ALJ properly interpreted Dr. Bhaiji's findings as meaning that while Plaintiff may have difficulty performing certain tasks, he would nonetheless be capable of performing them. The ALJ supported his evaluation of Dr. Bhaiji's findings by noting that the doctor rated Belville's right shoulder muscle strength a four on a scale of one to five, although Plaintiff had a limited range of motion in that area (Tr. 17). Furthermore, when commenting about Plaintiff's ambulation, Dr. Bhaiji stated that Plaintiff had "no difficulty with heel to toe walking[,]" no use [of] ambulatory aid was noted, and gait was normal." (Tr. 168).

ALJ Stam also referenced the opinions of Dr. William Padamadan when explaining the basis of her RFC determination (Tr. 17, 177-83). Dr. Padamadan examined Belville over a year after Dr. Bhaiji saw Plaintiff. In Dr. Padamadan's report he summarized Plaintiff's ability to sit, stand, walk, reach, and handle as "without problem" (Tr. 179). The doctor observed that Plaintiff had a full range of motion in his right shoulder (Tr. 177, 179), and rated Plaintiff's muscle strength as a five on a scale of one to five (Tr. 180). Dr. Padamadan further commented that Plaintiff ambulated "quite well" and had a normal gait (Tr. 179). The only functional limitation that Dr. Padamadan noted was that Plaintiff "may need restrictions for work related activities which require full field of vision because [Plaintiff] has only one eye, on the left side." (Tr. 179).

Although the ALJ's written opinion did not specifically mention the medical opinions of the three non-examining state agency physicians that reviewed Plaintiff's record, their opinions also support the RFC announced by ALJ Stam. For instance, Dr. Allan Berger examined Plaintiff's file on August 25, 2006, and opined that Plaintiff's only limitations were "[n]o driving, hazardous heights or machinery[]" (Tr. 184). Next, Dr. Nick Albert reviewed Plaintiff's medical record,

7

concluding that Plaintiff had no exertional, postural, or manipulative limitations, but should avoid all exposure to hazards due to blindness in his right eye (Tr. 185-92). Lastly, Plaintiff's file was reviewed by Dr. W. Jerry McCloud on February 7, 2007 (Tr. 209-16). Because Dr. McCloud was the final physician to assess Plaintiff's file, he was privy to Plaintiff's entire medical file including the prior evaluations completed by Drs. Bhaiji, Padamadan, Berger, and Albert. Upon review of the record, Dr. McCloud opined that Belville retained the ability to perform medium work, i.e. lift and/or carry 50 pounds occasionally and 25 pounds frequently, sit, stand and/or walk for about six hours in an 8-hour workday, and had an unlimited ability to push and/or pull (Tr. 210). He also indicated that Plaintiff should avoid concentrated exposure to hazards due to his vision problems with depth perception, secondary to his monocular vision (Tr. 213).

Based on a review of the medical evidence in Plaintiff's record, it is clear that ALJ Stam's RFC is supported by substantial evidence in the record. Dr. Bhaiji was the first of five doctors to examine Plaintiff and/or Plaintiff's medical file. The ALJ reviewed all of the medical evidence in the record and ultimately determined that Plaintiff was capable of performing medium work. Because there is ample medical evidence to support this finding, the Court declines to accept Plaintiff's argument that Dr. Bhaiji's opinion demands a more restrictive RFC.

The Court also rejects Plaintiff's assertion that ALJ Stam had a duty to re-contact Dr. Bhaiji to clarify his findings. The Sixth Circuit recently addressed this issue in *Ferguson v. Comm'r of Soc. Sec.*, No. 09-4387, 2010 WL 5185848 (6th Cir. Dec. 23, 2010). In *Ferguson*, the Court explained that there are two conditions "that must both be met to trigger the duty to recontact: 'the evidence does not support a treating source's opinion . . . *and* the adjudicator cannot ascertain the basis of the opinion from the record." 2010 WL 5185848, at *3 (*citing* SSR 96-5p). However, it

is not necessary for us to apply the two part test in the instant case because Dr. Bhaiji is not a treating source. Social Security Ruling 96-5p explicitly links the duty to re-contact to treating sources - "[f]or *treating sources*, the rules also require that we make every reasonable effort to recontact such sources. . ." SSR 96-5p (emphasis added). Dr. Bhaiji was not Belville's treating physician, and Plaintiff has not averred such. Rather, Dr. Bhaiji is a physician who completed a one-time consultative examination of Plaintiff for purposes of determining his disability eligibility for the Bureau of Disability Determination (Tr. 167). Accordingly, ALJ Stam had no duty to re-contact Dr. Bhaiji.

### B. Plaintiff's Credibility

Next, Plaintiff maintains that ALJ Stam improperly evaluated his credibility by failing to credit his use of strong narcotic pain medication as evidence of his disabling pain, and by failing to acknowledge that his limited daily activities were the result of such pain. Credibility determinations are the prerogative of the ALJ. The Social Security regulations set forth the criteria an ALJ should evaluate when assessing a claimant's credibility. 20 C.F.R. § 416.929(c)(3)(i)-(vii). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Yet, the ALJ must clearly state his reasons when rejecting a claimant's complaints as incredible. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

On page five of her opinion, ALJ Stam stated that "the claimant's allegations [we]re not generally credible" (Tr. 18). In explaining her decision, she indicated that none of the medical opinions of record substantiated Plaintiff's complaints of disabling pain (Tr. 18). The ALJ went on

9

to state that the objective medical evidence was largely unremarkable, and that there was "no evidence of muscle atrophy and only mild to moderate abnormalities on the x-rays and MRIs" (Tr. 18). In addition, Belville had never had any spinal or shoulder surgery to relieve his alleged pain, and there was no evidence to corroborate that his limited daily activities (sitting on the couch, watching television, and lying down) were caused by any medical condition (Tr. 18).

The reasoning supplied by the ALJ to support her credibility determination is sufficient to satisfy this Court. The ALJ compared Belville's testimony regarding his back and shoulder pain with the evidence in the record and concluded that his complaints were not credible. Because the ALJ was able to witness Belville's demeanor first hand, it is appropriate that this Court defer to her judgment. *See Walters*, 127 F.3d at 531. ALJ Stam's decision to discredit Belville's subjective complaints is supported by the record. Accordingly, we decline to overrule the ALJ's credibility finding.

Contrary to Plaintiff's arguments, the ALJ did not base her unfavorable credibility ruling solely on Belville's use of marijuana. This was but one factor the ALJ was entitled to consider in making her decision. Likewise, Plaintiff's use of Vicodin to ease his pain, was yet another factor that the ALJ was entitled to consider. However, that factor alone did not demonstrate that Belville was credible, as the ALJ noted that Belville had not taken Vicodin to manage his pain since November of 2007 (Tr. 16). The Social Security regulations also demand the ALJ to consider the claimant's daily activities when assessing the claimant's credibility and complaints of disabling pain 20 C.F.R. § 416.929(c)(3)(i). The regulation's requirement to *consider* the claimant's daily activities is not an obligation to *accept* that the claimant's daily activities are absolutely reflective of the claimant's actual abilities. Here, ALJ Stam's acknowledgment that Belville's daily activities

10

were "quite restricted" demonstrated that she considered Plaintiff's daily activities when assessing his credibility. However, she was not required to accept Plaintiff's statements at face-value. She weighed Plaintiff's statements with other evidence in the record. After finding conflicting evidence, the ALJ was justified in rejecting the notion that Belville's limited daily activity was the result of any medical condition. Instead, the ALJ reasonably concluded that Plaintiff's limited daily activity could have been due to his own choice to limit his activity level. Thus, the Court declines to remand this case back to the ALJ.

## C.  Plaintiff's Past Relevant Work

Finally, at step four of the sequential evaluation process, the ALJ found that Belville could perform his prior job as a housekeeper/cleaner (Tr. 18-19). Because Plaintiff alludes that the ALJ's decision at this step of the process was somehow faulty, the Court will briefly address this issue. On December 18, 2007, vocational expert, Amy Kutschbach (the "VE"), prepared a report of Plaintiff's past relevant work (Tr. 165-66). In the report, Ms. Kutschbach classified Plaintiff's prior job title as a "janitor" (Tr. 165). She also identified it as a job which required "heavy" physical demands (Tr. 165). Subsequently, after listening to Plaintiff's testimony during the hearing offering a more detailed description of his job duties, Ms. Kutschbach reclassified Plaintiff's prior job title as a "housekeeper/cleaner" position (Tr. 40). The VE also noted that according to Plaintiff's description of the position, he performed the job at the light physical demand level, the same exertional level the position carries under the Dictionary of Occupational Titles (Tr. 40). The ALJ then posed two hypothetical questions to the VE. The first described an individual having the capabilities and limitations identified in Dr. Albert's assessment, depicting an individual with no exertional limitations (Tr. 185-92), to which the VE confirmed that such an individual would be able

to perform Plaintiff's past work as a housekeeper/cleaner as it is performed in the national economy (Tr. 41).  The second hypothetical described an individual having the same capabilities and limitations identified in Dr. McCloud's assessment, depicting an individual with the ability to perform work at the medium demand level(Tr. 209-16); again, the VE confirmed that such an individual would be able to perform Plaintiff's prior work as a housekeeper/cleaner as the job is performed in the national economy (Tr. 41-42).  The VE also identified three other jobs with a sit/stand option that such an individual would be able to perform: a repack hand packager, a silver wrapper, and a room service clerk (Tr. 42-44).

As we have previously discussed, the ALJ's RFC of medium work was supported by the record.  The ALJ's finding that Plaintiff could perform his prior work as a housekeeper/cleaner, a position defined by the Dictionary of Occupational Titles as light work, does not undermine the ALJ's decision.  It only suggests that in addition to performing his past relevant work, Plaintiff is also able to perform work at a medium physical exertional level.  This was confirmed by the VE's identification of three other jobs that an individual with Plaintiff's RFC could perform (Tr. 42-44).  Plaintiff has not pointed to any reason to discount the VE's testimony, or the ALJ's reliance upon it.  Therefore, the  Court declines to remand the case in order for the ALJ to reexamine Plaintiff's ability to perform his past relevant work.

## V. **DECISION**

For the foregoing reasons, the Magistrate Judge finds the decision of the Commissioner that Plaintiff was not disabled is supported by substantial evidence. Accordingly, the Court recommends that the decision of the Commissioner be AFFIRMED.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: January 19, 2011.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).